## UNITED STATE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

RECEIVE⸻

2007 NOV 16  A 10: 33

IN THE UNITED STATES MIDDLE DISTRICT COURT

DEBRA P. HACKETT C⸻
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

SOUTHERN DIVISION OF ALABAMA

CAUSE NUMBER  2:07cv 1008 - MEF

(TO BE SUPPLIED BY CLERK)

REF: CR:06-0947

R A M O N    A G U I L E R A,

PETITIONER,

v.

S T A T E   O F   A L A B A M A, et al.,
WARDEN JERRY FERRELL, CUSTODIAN

RESPONDENT.

### POST CONVICTION PETITION FROM THE CIRCUIT COURT OF M O R G A N   C O U N T Y, A L A B A M A CC-03-769.60

PETITION FOR RELIEF UNDER 2254
AND BRIEF IN SUPPORT

O F

PETITIONER

R A M O N    A G U I L E R A
AIS # 239536
3 8 0 0    F O U N T I A N
A T M O R E, A L A B A M A  36503
Pro  se

# T A B L E   O F   C O N T E N T S

**PAGE(S)**

TABLE OF CONTENTS ........................................................... i

TABLE OF AUTHORITIES .................................................... ii-iii

STATEMENT OF THE CASE AND FACTS............................. 1

ISSUES PRESENTED FOR REVIEW ..................................... 2

STANDARD OF REVIEW ........................................................ 3

SUMMARY OF THE ARGUMENT .......................................... 3

A R G U M E N T S ................................................................... 4-12

C O N C L U S I O N ............................................................... 13

CERTIFICATE OF SERVICE ................................................. 14

i

## TABLE OF AUTHORITIES

PAGE(S)

Scroggins v. State, 827 So. 2d 878, 880 (Ala.Crim.App 2001)    .....    3,

Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001)    .....    3,

Ex parte Hill, 591 So. 2d 462, 463 (Ala. 1991)    .....    4,7,

Ray v. State, 880 So. 2d 477 (2002 Ala. Crim. App.)    .....    4,7,

Alvis v. State, 762 So. 2d 380, 381 (Ala.Crim.App. 1999 )    .....    4,7,

Benefield v. State, 583 So. 2d 1370 (Ala.Crim.App. 1991)    .....    4,7,

Ex parte Rice, 565 So. 2d 606, 608 (Ala. 1990)    .....    5,

Boyd v. State, 746 So. 2d 364, 406 (Ala.Crim.App. 1999)    .....    5,8,

Lancaster v. State, 638 So. 2d 1370, 1373(Ala.Crim. App.1993)    .....    5,6,

Ex parte Walker, 800 So. 2d. 135 (Ala. 2000)    .....    8,12,

Glover v. State, 531 So. 2d 705 (Ala. Cr. App. 1988)    .....    8,

Strickland v. Washington, 466 U. S. 668, 104 S. Ct. 2052, 80
L. Ed. 2d 674 (1984)    .....    8,9,11,12,

O'Neil v. State, 605 So. 2d. 1251 (Ala. Crim. App. 1992)    .....    9,

Hallford v. State, 629 So. 2d. 6, 9 (Ala. Crim. App. 1992),
cert. denied, U. S. 114 S. Ct. 1870, 128 L. Ed. 2d. 491 (1994)    .....    9,

Luke v. State, 484 So. 2d 531, 534 (Ala. Crim. App. 1985)    .....    9,

Ex parte Ingram, 675 So. 2d 863 (Ala. 1996)    .....    10,

Getz v. State, 2006 Ala. Crim. App. LEXIS 199    .....    11,

Ex parte Grau, 791 So. 2d 345, 346-47 (Ala. 2000)    .....    11,

Adkins v. State, 930 So. 2d 524, 530 (Ala. Crim. App. 2001)    .....    11,

Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001)    .....    11,

Carr v. Schofield, 364 F. 3d 1246, 1250 (11th Cir. 2004)    .....    11,

Ramdass v. Angelone, 530 U. S. 156, 166, 120 S. Ct. 2113, 2120,
147 L. Ed. 2d 125 (2000).    .....    11,

Holland v. Jackson, 542 U. S. 649, 652, 124 S. Ct. 2736,
2737– 38, 159 L. Ed. 2d 683 (2004)    .....    11,

Bradshaw  v.  Richey, 546 U. S. __,  126  S. Ct. __, 163 L. Ed.
2d 407 (2006) ..... 10,

## OTHER AUTHORITIES

**ALABAMA RULES OF CRIMINAL PROCEDURES :**

RULE 32.6(b) ..... 5,6,8,
RULE 32.2(d) ..... 5,
RULE 32.3 ..... 5,6,
RULE 32.9 et seq., ..... 6,12,
RULE 24.1(b) ..... 10,

UNITED STATES CONSTITUTIONAL AMENDMENT SIX ..... 8,

## STATEMENT OF THE CASE AND FACTS

The Petitioner adopts and incorporates the Statement of the Case and the Facts as presented in his original appellate brief submitted for review to include that this Application for Rehearing is due from the Appellate Court's affirming of the trial court decision, which said affirming was rendered on the 11th day of February, 2007. The decision in the case was contradicting to color of law and the constitutional rights to due process and protections against prejudice testimony and the same being known to the prosecution as intentional misconduct before the jury and the same did tarnish the meaning of a fair and impartial trial.

1

## ISSUES PRESENTED FOR REVIEW

The Petitioner adopts and incorporates each of the Issues presented in his original appellate brief to this Honorable Court along with his Reply Brief to include but not be limited to the following responsive issues in opposition to the State's brief to include the additional issues herein :

### WHETHER THE COURT OF CRIMINAL APPEALS DECISION AFFIRMING THE TRIAL COURT'S DENIAL OF PETITIONER'S STRICKLAND CLAIM WAS AN ABUSE OF DISCRETION AND OBJECTIVELY UNREASONABLY APPLIED IN THIS CASE :

2

<u>STANDARD   OF   REVIEW</u>

The Petitioner adopts and incorporates the standard of review as was presented in the original appellate court briefs submitted by the Appellant in this matter. Also, "when the facts are undisputed and an appellate court is presented with pure questions of law, the court's review in a Rule 3 2 proceeding is de novo." <u>Scroggins v. State</u>, 827 So. 2d 878, 880 (Ala. Crim. App. 2001), *quoting:* <u>Ex parte White</u>, 792 So. 2d 1097, 1098 (Ala. 2001).

<u>SUMMARY OF THE ARGUMENT</u>

The Petitioner avers that this Application for Rehearing follows the denial of the Petition for Rule 32 Relief by the trial court, and in this Honorable Court's affirming, which the Appellant avers was clearly contrary to the facts that were, though not properly represented, nevertheless was presented to the trial court whom the Petitioner avers made an error in its factual finding of facts.

<u>3</u>

A R G U M E N T

## WHETHER THE COURT OF CRIMINAL APPEALS DECISION AFFIRMING THE TRIAL COURT'S DENIAL OF PETITIONER'S STRICKLAND CLAIM WAS AN ABUSE OF DISCRETION AND OBJECTABLY UNREASONABLY APPLIED IN THIS CASE:

The Petitioner avers that the Respondents were correct that the Alabama Supreme Court has held that a circuit court judge who presided over a Petitioner's trial, and who observed the conduct of the Petitioner's attorneys at trial need not hold a hearing on the effectiveness of those attorneys. **Ex parte Hill, 591 So. 2d 462, 463 (Ala. 1991).** The fact that a circuit court judge is not required to conduct an evidentiary hearing on Petitioner's claims of ineffective assistance of trial counsel if that judge personally observed the conduct of counsel, however, it **does not** relieve the trial judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner's claims of ineffective assistance of trial counsel. **Ray v. State, 880 So. 2d 477(2002 Ala. Crim. App.) see also, Alvis v. State, 762 So. 2d 380 (Ala. Crim. App. 1999); Benefield v. State, 583 So. 2d 1370 (Ala. Crim. App. 1991),** (wherein this Court noted in both cases that meritorious allegations warrant either an evidentiary hearing or an adequate explanation for their denial). Here the Petitioner/Appellant raised a number of claims of ineffective assistance of counsel against both his trial counsel and his appellate counsel which the trial court has failed to address the merits thereof, and the Respondents' now seeks the affirming of this Honorable Court which would be and

is in direct conflict with prior decisions by this Honorable Court on the same principles of law, and the prior decisions of the Alabama Supreme Court as well.

**4**

The Petitioner/ Appellant averred that the response by the State District Attorney at **(C 57-60)** is nothing more than an attempt to circumvent the requirements of the Supreme Court's decision in **Ex parte Rice, 565 So. 2d 606, 608 (Ala. 1990)** by listing **Rule 32.6 (b)** and **Rule 32.2 (d)** as a ground of preclusion, and thus the District Attorney did not become specific in pleading grounds of preclusion that apply to this Petitioner, but only more confusing by listing authorities that were not germane to the claims presented, and did not otherwise meet its burden of pleading as required by **Rule 32.3 A. R. Cr. P.,** and failed to address the merits of the claims presented for review, and the trial court's order of dismissal does not state with any specificity whether the claims presented in the petition was otherwise rejected on their merits or on procedural grounds.

The Petitioner avers that the State's response failed to address the merits of the actual claims presented for review, and merely made some innuendoes concerning the Petitioner's allegations an instances of ineffective assistance of counsel, and utterly failed to even address the ineffective assistance of appellate counsel claim as well.

The Petitioner avers that he submitted his claims with the specificity required by **Rule 32.6 (b) A. R. Cr. P.,** which the Petitioner has maintained his claims within the boundaries thereof, and further met his burden of proving required by **Rule 32. 3 A. R. Cr. P.,** and the Petitioner avers that **Rule 32. 6 (b)** requires that the petition itself disclose the facts relied upon in seeking relief, **Boyd v. State,** 746 **So. 2d. 364, 406 (Ala. Crim. App. 1999),** in other words, it was not the pleadings of a conclusion which, if true, entitles the Petitioner to relief, see, **Lancaster v.**

**5**

<u>State</u>, 638 So. 2d. 1370, 1373 (Ala. Crim. App. 1993), thus the Petitioner avers that it's the allegation of facts in the pleadings which, if true, entitles a petitioner to relief, and the Petitioner avers that after facts are pleaded, which, if true, entitles a Petitioner to relief, that the Petitioner is then entitled to an opportunity, as provided in **Rule 32.9 et seq., A. R. Cr. P.,** to present to the trial court evidence proving those alleged facts, which in this case the Petitioner request for an evidentiary hearing to further meet the requires set out herein as otherwise required.

However, and contrary to the conclusion by the Alabama Supreme Court, the very thing in which the Court upholds as proper and just is now being attempted to be circumvented by the State, because the clear intent in adopting **Rule 32.6 (b) A. R. Cr. P.** was to ensure that one party did not obtain an unfair advantage over the Other party, and to place both, the State, and the Petitioner, on a level playing field, and the Petitioner avers that he has complied with the specificity requirements of the Rule, and the pleading requirements of **Rule 32. 3 A. R. Cr. P.**

The Petitioner avers that the records clearly reflect the ineffectiveness of his trial counsel, and the lack of any investigation being done by trial counsel who merely fed off the State's representation of what actually occurred, and counsel's overall performance prior to, and during trial, because it was counsel performance and failure to represent the truth that allowed the jury to convict this Petition of the.

The Petitioner/Appellant avers that **Rule 32 Ala. R. Crim. P.,** requires the Circuit Court Judge to conduct an evidentiary hearing on a Rule 32 Petition that appears meritorious on its face. However, the Alabama Supreme Court has held that a circuit

court judge who presided over a petitioner's trial and who observed the conduct of the petitioner's attorneys at trial need not hold a hearing on the effectiveness of those attorneys. **Ex parte Hill**, 591 So. 2d 462, 463 (Ala. 1991). The fact that a circuit court judge is not required to conduct an evidentiary hearing on a petitioner's claims of ineffective assistance of trial counsel if that judge personally observed the conduct of counsel **does not,** however, relieve that judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner's claims of ineffective assistance of trial counsel. **Ray v. State, 880 So. 2d 477 (2002 Ala. Crim. App.) see also, Alvis v. State, 762 So. 2d 380 (Ala. Crim. App. 1999); Benefield v. State, 583 So. 2d 1370 (Ala. Crim. App. 1991)** (wherein this Court noted in both cases that meritorious allegations warrant either an evidentiary hearing or an adequate explanation for their denial). Here, the Petitioner / Appellant raised a number of claims of ineffective assistance of counsel against both his trial counsel and his appellate counsel.

The trial court did have personal knowledge of the trial and of trial counsel, which was hired by the Petitioner's family to represent him in the trial of this matter, and should have known that trial counsel's conduct was not conforming to the constitutional requirements, nor did the trial court base its decision on any personal knowledge or observance of the attorneys during the criminal trial. The Petitioner further avers that the trial court did not have personal knowledge of the performance of the Petitioner's counsel on appeal.

The Petitioner/Appellant avers that his claim alleging ineffective assistance of trial and appellate counsel is based upon conduct of those lawyers that the trial court

<u>7</u>

could have known, as well as conduct that the trial court could not have observed. Therefore, the trial court erred in summarily dismissing the Petition for Rule 32 Relief, Insofar as it stated a claim of ineffective assistance of appellate counsel, and the trial court and the State failed to address the merits of those claim as they were otherwise required by law to do. **Ex parte Walker**, 800 So. 2d. 135 (Ala. 2000)

The Petitioner/Appellant avers that neither the Trial Court or the State addresses the claim presented for review by the Petitioner/Appellant in his Petition for review, just as the State and the trial court failed to address the ineffective trial counsel claims which were presented in the verified Petition, and the Petitioner/Appellant avers that the factual allegations underlying these claims must be reviewed by this Court as true, because they are not refuted by the State. **Glover v. State**, 531 So. 2d 705 **(Ala. Cr .App. 1988)**.

The Petitioner/Appellant recognizes that in order to prevail on a claim of ineffective assistance of counsel, a Petitioner must show {1} that his counsel's performance was deficient, which requires a showing that counsel was not functioning as the "counsel" guaranteed by the **Sixth Amendment of the United States Constitution** and {2} that he was prejudiced by counsel's deficient performance, which requires a showing that the outcome of the trial would probably have been different, but for counsel's performance. **Strickland v. Washington**, 466 U. S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). **Rule 32.6 (b)** requires that the petition itself disclose the facts relied upon in seeking relief. **Boyd v. State**, 746 So. 2d 364, 406 (Ala. Crim. App. 1999).

**8**

The Petitioner averred that he was in fact prejudiced by his trial counsel's performance, and the lack of trial counsels investigation and preparation of the case prior to trial and ascertain the facts prior to proceeding to trial, and the Petitioner further averred that his trial counsel misadvised him on testifying in his own defense, and the ineffective assistance of trial counsel was not preserved for appellate review by or through a motion for new trial because, the Petitioner's appellate counsel was also the Petitioner's trial counsel, which clearly trial counsel would not allege ineffectiveness Upon himself, and therefore ineffective assistance of appellate counsel could not have possibly of been preserved at trial before appellate counsel (which in this case was trial counsel) had performed any appellate duties, even had the Petitioner challenged appellate counsel's effectiveness on direct appeal, this Honorable Court would not have had the jurisdiction to reviewed the claim on application for rehearing.

The Petitioner avers that this Honorable Court has clearly stated that [a] court deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of the counsels conduct. **Strickland, 466 U. S. at 690, 104 S. Ct. at 2066; see also, O'Neil v. State, 605 So. 2d. 1251 (Ala. Crim. App. 1992).** The Petitioner further avers he recognizes that there is a strong presumption that counsels conduct would be considered appropriate and reasonable. **Hallford v. State, 629 So. 2d. 6, 9 (Ala. Crim. App. 1992), cert. denied, U. S. 114 S. Ct. 1870, 128 L. Ed. 2d. 491 (1994); Luke v. State, 484 So. 2d 531, 534 (Ala. Crim. App. 1985).**

**And,** the Petitioner/Appellant avers that this Honorable Court is in err, because no

<u>9</u>

findings of facts have been made as to trial counsel's conduct in this action, and none of the Petitioner/Appellant's claims of ineffective assistance of appellate counsel claims are addressed, and the Court's position that the Petitioner does not have a right to counsel after the original appellate brief has been found is in further err, because the Petitioner /Appellant avers that he does have the right to one complete round o f appeals through the State Appellate Court's with competent counsel to represent him, otherwise the State and this Honorable Court's decision would be contrary and conflicting with State and Federal precedent.

The Petitioner avers that in **Ex parte Ingram**, 675 So. 2d 863 (Ala. 1996), in which that Court held:

> **"When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R. Crim. P. the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R. Crim. P. petition for post-conviction relief."**

The Petitioner avers that he asserted a multitude of ineffective assistance of trial and appellate counsel claims, along with other claims, and the Petitioner avers that the trial court's failure to address the merits of those claims and allegations in which were presented, thus the Petitioner is now unable to properly raise and present his arguments on appeal in his brief, because such arguments are hampered by the circuit court's failure to make any written findings of fact concerning each material issue of fact presented, and the Petitioner avers that it would be premature for this Court to even review the issues without the circuit court first making such findings of fact relating to each instance

**10**

of ineffective assistance of trial and appellate counsel presented for review. *quoting* **Getz v. State**, 2006 Ala. Crim. App. LEXIS 199; see also, **Ex parte Grau**, 791 So. 2d 345, 346-47 (Ala. 2000); **Adkins v. State**, 930 So. 2d 524, 530 (Ala. Crim. App. 2001).

The Petitioner avers that an objectively unreasonable application of federal law has occurred when the State trial court has identified the correct legal rule from Supreme Court case law, but unreasonably applies that rule to the facts of the Petitioner's case or unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. **Putman v. Head**, 268 F.3d 1223, 1241 (11th Cir. 2001); see also **Carr v. Schofield**, 364 F. 3d 1246, 1250 (11th Cir. 2004). A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle, but refuses to extend the governing principle to a context in which the principle should have controlled." quoting **Ramdass v. Angelone**, 530 U. S. 156, 166, 120 S. Ct. 2113, 2120, 147 L. Ed. 2d 125 (2000). Thus the Petitioner avers that whether a State Court's decision was an abuse of discretion, and whether the trial court's unreasonable application of legal principles must be assessed in light of the record the court had before it. **Holland v. Jackson**, 542 U. S. 649, 652, 124 S. Ct. 2736, 2737 – 38, 159 L. Ed. 2d 683 (2004), see also; **Bradshaw v. Richey**, 546 U. S. __, 126 S. __, 163 L. Ed. 2d 407 (2006).

Thus, the Petitioner avers that the state trial court abused its discretion in an unreasonable application of **Strickland** that was contrary to federal law, and the

**11**

Petitioner avers that this Honorable Court has is now required to apply the proper standard of proof for the prejudice aspect of the **Strickland's** ineffective assistance of trial counsel inquiry.

The Petitioner avers that his claim alleging ineffective assistance of trial and appellate counsel was based upon the conduct of those appointed lawyers that the trial court could not have known about as well as conduct that the trial court could not have observed. Therefore, the trial court erred in summarily dismissing the Petition for Rule 32 Relief, insofar as it stated claims of ineffective assistance of trial and appellate counsel, and just as the trial court and State failed to address the merits of those claim as they were otherwise required by law to do, this Honorable Court has likewise erred in its affirming of the trial court's decision. **Ex parte Walker,** 800 So. 2d 135 (Ala. 2000).

Wherefore, this Petitioner avers that this matter is due to be **Reversed** and **Remanded** for an evidentiary hearing with the Petitioner allowed the full benefits of **Rule 32.9 et seq., of the Alabama Rules of Criminal Procedures** in order to present witnesses and testimony in his behalf.

**12**

## CONCLUSION

**Wherefore,** the Petitioner avers that this matter is due to be **reversed** and **remanded** for further proceedings consistent with the provision of due process and the equal protection of the laws of this State, and of these United States.

The Petitioner avers further that this matter should be **Reversed** and **Remanded** for an evidentiary hearing which was required by law under the circumstance of this petition for relief which the allegation presented to the trial court required that a factual and independent determination be made which was not made by the trial court, and the Petitioner/Appellant avers that this Honorable Court's decision is likewise in err of proper judgment and thus, the decision is due to be reversed as well upon this application for Rehearing of this matter, and further review by the Bench.

**Done on this the ___||___ day of __||_____, 2 0 0 7.**

_Ramon Aguilera_

**R a m o n     A g u i l e r a**

**Petitioner / Appellant**

**13**

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE

FOREGOING BRIEF TO THE ATTORNEY GENERAL'S OFFICE

FOR THE STATE OF ALABAMA BY PLACING A COPY OF THE SAME IN

THE UNITED STATES MAIL PROPERLY STAMPED AND ADDRESSED TO:

THE ATTORNEY GENERAL
HON. TROY KING, ATTY. GEN.
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130-0152

ON THIS THE _____11_____ DAY OF _____11_____ , 2007.

_____Ramon Aguilera_____
R a m o n    A g u i l e r a
A P P E L L A N T

cc: file
    Attorney General
    Counsel

**14**